## Crown Printing Co. *v.* Charles Beck Company, Appellant.

*Warranty—Breach of warranty—Machinery—Case for jury.*

In an action to recover the amount paid on account of a lease of a printing press, because of alleged breach of warranty, the case is for the jury and a verdict for the plaintiff will be sustained where the evidence tends to show that the press was leased for a certain purpose, that it failed to do the work required of it, and did not come up to the representations of the lessor.

In such an action it is immaterial that the plaintiff failed to prove the execution or existence of the lease, as set forth in plaintiff's statement, when the case was tried on the theory that the printing press did not perform its work as represented.

Argued October 16, 1919.    Appeal, No. 212, Oct. T., 1919, by defendants, from judgment of C. P. No. 2, Phila. County, June T., 1916, No. 493, on verdict for plaintiff in the case of Samuel Crown and Max Crown, trading as the Crown Printing Company, v. Charles Beck, Charles J. Beck, A. S. Beck, H. P. Beck, Leonidas Beck and Andrew Simon, trading as Charles Beck Company.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD and KELLER, JJ.    Affirmed.

Assumpsit for breach of contract.    Before WESSEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $700 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence and refusal of defendant's motion for judgment non obstante veredicto.

*Archibald T. Johnson,* for appellant.—There was a fatal and material variance between plaintiffs' allegata and probata: Grubb v. Mahoning Navigation Co., 14 Pa. 302; Stewart v. DeNoon, 220 Pa. 154; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Dodson v. Delano, 258 Pa. 385; Friedman v. Urmann, 28 Pa. Superior Ct. 440.

It was error to permit the plaintiffs to offer oral testimony as to the failure of the machine in question, when the entire contract declared on, if offered in evidence, would have revealed an express warranty which took the place of an implied warranty: Dixon-Woods Co. v. Phillips Glass Co., 169 Pa. 167; Hunter & Springer v. McHose, 100 Pa. 38; Krueger v. Nicola, 205 Pa. 38; Rearick v. Rearick, 15 Pa. 66.

*William J. Berkowitz,* and with him *William F. Rorke,* for appellee, cited: Wade v. Haycock, 25 Pa. 382; Miller v. Machinery Co., 220 Pa. 181; Rheinstrom v. Brewing Company, 28 Pa. Superior Ct. 519; Osborne v. Wally, 8 Pa. Superior Ct. 193; Leggoe & Co. v. Mayer, 2 Pa. Superior Ct. 529.

OPINION BY HENDERSON, J., February 28, 1920:

The plaintiffs are engaged in the printing business and give their special attention to the printing of tickets and tags. They had been using Gordon printing presses, and desiring to enlarge the facilities of their plant, in order that they might more effectively compete with competitors in the same business, wished to secure a power automatic press. The defendant dealt in a machine known as Toledo Webb Press which included a slitter, 6 pairs heads, single rewind, two-color attachment, delivery table, long fountain, short fountain, rotary perforator with two pairs heads, 28-inch feed, and one punching unit comprising four heads of eight punches each. They proposed to lease to the plaintiffs a machine of this type which was valued at $2,123.50, which proposition was accepted by the plaintiffs. The lease provided for the payment of $200 when the order was given; $416.50 when the lease was signed and further payments running through a period of fifteen months, amounting in the aggregate to the valuation placed on the machine. The lease contained a provision permitting the lessees to buy the machine after the payment of the last installment referred to for a consideration of $1. The machine was installed in the plaintiffs' plant by the defendants. Payments to the amount of $600.50 were made on the lease, and the lessees paid a freight bill of $16.98 when the machine was delivered at their place of business. This action was brought to recover the amount so paid; the allegation of the plaintiffs being that the machine was acquired for the express purpose of printing, slitting, punching and rewinding tickets and tags produced

by the plaintiffs to fill orders for their customers; that the contemplated use was well known to the defendants who were familiar with the plaintiffs' business; that it was represented by the defendants that the machine was adapted to the purpose and would print, punch, slit and rewind linen size tickets, and would print, punch and slit two color clothing tickets, with trimmed edges and at a speed of twenty-five hundred to five thousand per hour. The plaintiffs alleged they were not familiar with the operation of the machine, and relied on the statements of the defendants as to its adaptability to their special work. They aver that it did not perform in the manner the defendants stated it would; that it would neither slit, punch, print, perforate nor rewind; that numerous efforts were made by the defendants to put the machine in working condition, but that they all proved abortive, and finally it was removed from the premises by the defendants at the plaintiffs' request. The appellants contended that the learned trial judge should have given binding instructions for them and that there was error in the admission of the evidence set forth in the third assignment. From the argument presented in support of the appeal it is apparent that the cause of action presented by the plaintiffs is misapprehended. It is assumed in the argument that the action is on the lease, and that there is a variance between the allegata and the probata in this that in the third and fourth paragraph of the statement of claim it is averred the lease was entered into between the plaintiffs and defendants and that they executed the written instrument to the defendants upon the presentation of a circular pamphlet describing and specifying the character, quality, kind and quantity of work their machines would perform; and that it was understood and agreed between the parties that the said circular pamphlet was part of the contract, whereas at the trial no effort was made to prove the pamphlet was the subject of an agreement that it should constitute

part of the lease.   In the view which we take of the case, it was not important, however, that the plaintiffs sustain this averment.   It was expressly denied in the affidavit of defense, but whether admitted or denied, the action was not in affirmation of the lease, but in disavowal of it, and it was not important that the plaintiffs attempt to sustain the averment with respect to the document referred to.   Moreover, the defendants having denied the existence of such a contract, they are not in a situation to complain that the plaintiffs made no effort to prove its existence.   The cause of action is clearly and sufficiently set forth without respect to the averment relating to the circular pamphlet.   The reference to it and to the lease were only important as explanatory of the circumstances under which the defendants became liable to the plaintiffs for the payment of the amount claimed.   Their action is in effect a demand for the return of money which they paid to the defendants in good faith in expectation of receiving the value thereof in an efficient printing machine leased by them from the defendants to do a particular kind of work; the defendants having induced the plaintiffs to believe as is alleged that the machine was capable of automatically performing the work contemplated by both of the parties.   The defendants could not have been misled to their prejudice by the averment as to the circular pamphlet, for the statement sets forth in sufficient terms the facts on which they relied as their cause of action.   The evidence was all directed to the issue raised by the inquiry whether the machine was leased to the plaintiffs for the special purpose stated; and the defendants knew this purpose and the character of the work which it was intended to perform and whether it did perform the work intended or whether on the contrary it was defective and inadequate to that purpose and was therefore rejected by the plaintiffs and removed by the defendants.   Much evidence was offered on the subject, and the attention of the jury was clearly directed by

the learned judge to the bearing of this evidence on the issue raised by the pleadings. The jury accepted the contention of the plaintiffs that the machine would not perform the plaintiffs' work and was worthless to them. Having been leased for a particular purpose and the effectiveness of the machine being presumably best known to the lessor, it cannot be successfully contended that the plaintiffs were bound to affirm the lease and pay the rent for a machine not capable of doing that which the lessor represented it would do; such representation having been made with full knowledge of the requirements of the plaintiffs' business. If the transaction had been a sale, the principle, stated in Savings Bank v. Trust Co., 210 Pa. 320, and in Leggoe & Co. v. Mayer, 2 Pa. Superior Ct. 529, would have been applicable. An implied warranty would have arisen that the machine was fitted for the special purpose which the parties to the transaction contemplated. And with stronger reason a lessee should be protected from loss occasioned by the inefficiency of such a machine.

No question of an alteration or reformation of a contract arises in the case. The plaintiffs' action rests on the implied promises of the defendants to return the money received by them from the plaintiffs when the consideration therefor failed because of the unfitness of the thing leased.

The evidence covered by the third assignment was competent in connection with other testimony in the case to show that the machine did not perform the work satisfactorily. Under the averments in the statement of claim, it tended to support the plaintiffs' action.

The assignments are overruled, and the judgment is affirmed.